## BATTLE *et al. v.* FINLAY *et al.*

*(Circuit Court, E. D. Louisiana. April 8, 1892.)*

1. TRADE-MARK—FEDERAL COURTS—EQUITY JURISDICTION.

> As the jurisdiction of equity in matters of trade-mark is recognized by a long line of both English and American cases, the federal courts may administer equitable remedies therein when they have jurisdiction by reason of the citizenship of the parties, notwithstanding that the federal statutes on the subject have been declared unconstitutional in the Trade-Mark Cases, 100 U. S. 82.

2. SAME—INFRINGEMENT.

> It is an infringement of a trade-mark to employ an imitation likely to deceive and impose upon the customers and patrons of the proprietor, and the use of the arbitrary term "Bromidia," previously adopted by another, is such an imitation, notwithstanding the fact that the infringing manufacturer's name is printed on each label.

In Equity. Bill by Battle & Co. against Finlay & Brunswig for injunction against the infringement of a trade-mark. Injunction allowed.

*Denegre & Bayne,* for complainants.

*B. R. Forman,* for defendants.

BILLINGS, District Judge. This cause is submitted upon bill, answer, depositions, and exhibits for a final decree. Upon the motion for an injunction *pendente lite,* an opinion was rendered by the circuit judge, PARDEE, reported in 45 Fed. Rep. 796, which states the facts and the

law of the case, as they were presented at that preliminary hearing, with completeness. The proofs have not varied the case from its features as then presented, and I have only to refer to that opinion, and adopt it, as, in my view, the law of the case is correctly stated. The solicitor for the defendants has submitted views and authorities upon one or two points not then presented, which I will consider. It is urged that since the decision of the *Trade-Mark Cases,* 100 U. S. 82, this court can derive no jurisdiction from the United States statute concerning trademarks, and therefore that the equity jurisdiction can exist only in case of fraud upon, and intended deceit of, the public by the defendants, which the solicitor urges are wanting upon the proofs in this case. The first proposition is correct. But the jurisdiction of the court is derived from the citizenship of the parties, the complainants being citizens of the state of Missouri, and the defendants being citizens of Louisiana. The equity jurisdiction of these trade-mark cases is founded upon a long line of English and American cases, even when the rights of the parties are to be determined entirely by the written and unwritten laws of the states. See *Trade-Mark Cases,* 100 U. S. 92, where the court say:

"The right to adopt and use a symbol or a device to distinguish the goods or property made or sold by the person whose mark it is, to the exclusion of use by all other persons, has been long recognized by the common law and the chancery courts of England and of this country, and by the statutes of some of the states. It is a property right for the violation of which damages may be recovered in an action at law, and the continued violation of it will be enjoined by a court of equity, with compensation for past infringement. This exclusive right was not created by the act of congress, and does not now depend upon it for its enforcement. The whole system of trade-mark property and the civil remedies for its protection existed long anterior to that act, and have remained in full force since its passage."

See, also, 2 Kent, Com. (8th Ed.) p. 453, marg. p. 372; *Taylor* v. *Carpenter,* 11 Paige, 292; *Partridge* v. *Menck,* 2 Barb. Ch. 101, and cases cited in the last case. In these cases equity jurisdiction was maintained because the right on the part of merchants to use certain marks, whereby the public are informed that goods or products are made or selected for sale by them, is recognized as being a species of property, and because the wrongful interference with or employment of such marks by others injured a business. Undoubtedly there must be imitation or simulation "in such a manner as to be likely to deceive and impose upon the complainant's customers or the patrons of his trade or business." This is stated to be the test by Chancellor WALWORTH in *Partridge* v. *Menck,* 2 Barb. Ch., at page 103, and in this connection may be noticed the fact urged by defendants' solicitors, that defendants' name was printed upon the label. The answer to this suggestion is that the employment of the arbitrary term "Bromidia," coined by the complainants, which has no meaning of itself, and is used solely to indicate in the trade the complainants' compound, is a simulation not overcome by the fact that the defendants printed their own name on each label. As to the effect to be given to the printing of the name of the person, who appropriates the trade-mark, along with it, the supreme court (*Menendez* v. *Holt,* 128 U.

S. 521, 9 Sup. Ct. Rep. 143) say: "That is an aggravation, and not a justification, for it is openly trading in the name of another upon the reputation acquired by the device of the true proprietor." Unless a simulation was intended, it is difficult to see why the name "Bromidia" should be adopted by defendants, which has no meaning whatever, except as connected with complainants' business, and as associated with and indicative of a soothing or soporific mixture prepared and sold by them. I think the complainants are entitled to a decree perpetuating the injunction.